```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

TERRELL MICKELS,                  :
                                  :
    Plaintiff,                    :
                                  :
vs.                               :   CIVIL ACTION 15-00173-WS-M
                                  :
ADAM OVERSTREET, et al.,          :
                                  :
    Defendants.                   :


<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a federal prison inmate proceeding <u>pro se</u>, filed a complaint under 42 U.S.C. § 1983 (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, and is before the Court for Plaintiff's failure to prosecute and to comply with the Court's Order.

On April 9, 2015, Plaintiff was ordered to file this Court's forms for a complaint under 42 U.S.C. § 1983 and for a motion to proceed without prepayment of fees not later than May 11, 2015 (Doc. 3). On April 24, 2015, Plaintiff re-filed his amended 1983 complaint and Motion for Leave to Proceed Without Prepayment of Fees (Docs. 4, 5). Plaintiff motion was incomplete, whereas he did not have an authorized officer at his institution complete the certification of the balance in his account. Plaintiff's motion was denied on May 15, 2015, with leave to re-file his motion not later than June 15, 2015 (Doc.

6).  On June 5, 2015, Plaintiff re-filed his Motion for Leave to Proceed Without Prepayment of Fees (Doc. 7).  Upon review of Plaintiff's motion, Plaintiff again failed to have an authorized officer at his institution complete the certification of the balance in his account.  Also, upon review of Plaintiff's amended 1983 complaint filed on April 24, 2015, Plaintiff did not complete the form and pages 2, 5 and 6 were missing from the form (Doc. 4).

    By Order dated June 16, 2016, Plaintiff was given another opportunity to re-file his motion to proceed without prepayment of fees and an amended 1983 complaint not later than July 16, 2015.  Plaintiff has been warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action for failure to prosecute and to obey the Court's Order (Docs. 3, 6, 8).  The Order was mailed to Plaintiff at USP Canaan, P. O. Box 300, Waymart, Pennsylvania 18472, his last known address.  To date, Plaintiff has not responded to the Court's Order, nor has the Order been returned as undeliverable. The Court finds that Plaintiff has abandoned prosecution of this action.

    Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended

that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); F{ED}.R.C{IV}.P. 72(B); S.D. A{LA}. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 29th day of July, 2015.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE